IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONALD E. SEYMOUR, et al., )
)
      Plaintiffs, )
)
v. ) Civil Action No. 09-0444
)
LIFE CARE RETIREMENT )
COMMUNITIES, INC., )
)
      Defendant. )

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                   July 9, 2009

      This is a tort action. Plaintiffs, Donald, Robert, John, and Richard Seymour are the surviving sons of Robert E. Seymour. Defendant Life Care Retirement Communities, Inc., owns and operates the Friendship Village of South Hills retirement community. Mr. Seymour was a resident of Friendship Village at the time of his death in August of 2008. He owned his residential unit and a storage garage at Friendship Village. Mr. Seymour's sons assert that Friendship Village personnel entered their father's storage unit after his death, and discarded his personal property. They bring claims under Pennsylvania law for conversion and intentional infliction of emotional distress and seek both compensatory and punitive damages.

Friendship Village has filed a motion to dismiss the intentional infliction of emotional distress claim and any prayer for punitive damages [doc. no. 5]. For the reasons set forth below, we deny the motion, without prejudice.[1]

In considering a Rule 12(b)(6) motion, we must be mindful that Federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. Twombly, 127 S.Ct.

---

1. Plaintiffs claim that the motion is untimely and should be denied on that basis. While we certainly do not encourage parties to miss deadlines set by the rules and orders of the court, and while we note that defendant had already missed even the allegedly extended deadline for pleading in response to the complaint before it contacted the court for permission to file a motion to dismiss, we have nevertheless considered the merits of the motion and deny it on that basis.

2

at 1965. The amount and type of facts needed to satisfy this requirement will depend on the context of the case and the causes of action alleged. Phillips v. County of Allegheny, et al., 515 F.3d 224, 232 (3d Cir. 2008).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules. The facts alleged in the complaint must be taken as true and all reasonable inferences must be drawn in favor of plaintiffs. Twombly, 127 S.Ct. at 1965; Phillips, 515 F.3d at 231; Rowinski v. Salomon Smith Barney Inc., 398 F.3d 294 (3d Cir. 2005). We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiffs can prove the facts alleged or will ultimately prevail on the merits. Twombly, 127 S.Ct. at 1965, 1969 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 1965. In the end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiffs could, upon a trial, establish a case that would entitle them to relief, the motion to dismiss should not be granted. Id. at 1969 n.8.

It is on this standard that the court has reviewed Friendship Village's motion to dismiss. Based on the pleadings of record and the briefs filed in support of and opposition to the motion, the court is not persuaded that dismissal is appropriate at this time.

The sons have sufficiently pled facts in support of their claim for intentional infliction of emotional distress.[2] Contrary to Friendship Village's contentions, we find no edict in Pennsylvania law that a claim for intentional infliction of emotional distress cannot be based on the destruction of personal property under any circumstances. Instead, the tort is fact dependent. Whether it was outrageous, extreme, or shocking for Friendship Village to enter Mr. Seymour's storage garage, without notice to his sons, one of whom was his executor, and throw away everything inside of it depends on the facts of the case. Whether doing so was a negligent mistake, a reckless act, or an intentional act aimed at causing the sons distress depends on the facts of the case and the state of mind of the Friendship Village personnel. Despite its attempt to the contrary, Friendship Village cannot obtain a ruling on these questions at the motion to dismiss stage. The sons have sufficiently pled their claim. As such, we will allow it to proceed.

---

2. Although the Pennsylvania Supreme Court has never explicitly adopted Section 46 of the Restatement (Second) of Torts, which establishes the tort of intentional infliction of emotional distress, we assume for purposes of this motion, as does Friendship Village, that the cause of action exists in Pennsylvania, and that the sons must plead in conformity with that section in order to avoid dismissal. Toney v. Chester County Hospital, 961 A.2d 192, 201 (Pa. Super. 2008).

We also will not dismiss the sons' prayers for punitive damages. Again, they have sufficiently alleged that the conduct of Friendship Village was outrageous, reckless, and/or wanton and caused them great emotional distress. Whether the sons will ultimately prove that they are entitled to such damages is a question for another day. At this point in the case, we cannot say that the prayer for punitive damages is so deficient and unsupportable that it must be stricken from the complaint.

The motion to dismiss will be denied in its entirety. Our ruling does not prevent Friendship Village from raising these arguments in a motion for summary judgment on a more fully developed record. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONALD E. SEYMOUR, et al., )
)
    Plaintiffs, )
)
v. ) Civil Action No. 09-0444
)
LIFE CARE RETIREMENT )
COMMUNITIES, INC., )
)
    Defendant. )

## ORDER

AND NOW, this 9 day of July, 2009, IT IS HEREBY ORDERED THAT defendant Life Care Retirement Communities, Inc.'s motion to dismiss [doc. no. 5] is DENIED, without prejudice to its right to raise these issues in a motion for summary judgment brought pursuant to Fed.R.Civ.P. 56.

BY THE COURT:

/s/ [signature]

cc:     All Counsel of Record